CARR, J.,
delivered the opinion of the court. The circuit court, in giving judgment for the appellee, upon the case found in the special verdict, must, I presume, have gone upon one of two grounds ; either, 1. that the possession of the widow more than five years, claiming right, gave her a title against all the world; or 2. that as the deed to William Christian, and the sale under his execution in 1803, though unquestionably fraudulent as to the creditors of Hardiman, were good between the parties and those claiming under them, the sheriff could not take the slaves, and administer them as the assets of Hardiman. As to the first of these points: the reason on which it has been decided, that five years peaceable possession of slaves gives title, is that such possession affords a complete bar under the statute of limitations. This is the language of the court in Newby’s adm’r v. Blakey, where this point was first determined ; but it is added, that this bar can only be raised in those cases where the statute runs. In this case, it is expressly found, that from the death of Hardiman to the year 1823, his estate was unrepresented. During this time, then, there was nobody in whom Hardiman’s title to the slaves vested; nobody who could demand them, or prosecute such demand ; nobody who was in default; and, consequently, nobody against whom the statute could run. No possession, therefore, during this interval, with whatever claim it might be accompanied, could give any title against the representative of Hardiman, whenever such might be appointed. Then, as to the second point, it is clear, that at Hardiman’s death, his title was good against all the world, ex-cept those '^claiming under the deed to Christian, and the sales on his execution in 1803; and these (as I have said) were palpably fraudulent as against his creditors. The sheriff, therefore, when the estate was committed to him, rightfully as to all but those claimants, took possession of these slaves. Nor could Mrs. Hardiman have maintained an action against him for them, as she, so far from claiming under the deed or sale, claimed in direct opposition to them. If, when the judgment was obtained against the sheriff as Hardiman’s administrator, and the execution delivered to the officer, these slaves had been in the adverse possession of any claimant under the deed or sale, the execution could not have been levied upon them, for the technical reason, that they would not have been, in that case, the goods and chattels of Hardiman in the hands of the sheriff to be administered. But it is clear, from the finding, that the execution was levied on the slave Charles in the possession of the sheriff as Hardiman’s representative. And this levj' the sheriff could not have prevented by any defence founded on the fraudulent deed or sale; for the creditor finding his debtor’s property in the hands of his representative, had a perfect right to take it by his execution. And this levy protects the representative of Hardiman from the claimants under the deed and sale, though, but for this, he would have held the slaves subject to their claims: for he might effectually plead this seizure and *356 sale against such claim. This is expressly decided in the case of Hawes v. Loader, Yelv. 196, as may be seen in the 4th resolution of that case. The judgment must be reversed and entered for the appellant.